

William L. Webster, Atty. Gen., Van M. Pounds, Sp. Asst. Atty. Gen., Jefferson City, for respondent-appellant.

Timothy F. Devereux, Clayton, for petitioner-respondent.

REINHARD, Judge.

Director of Revenue appeals from the trial court's judgment reinstating petitioner's driver's license after trial de novo. We reverse and remand.

Petitioner's driving privileges were suspended pursuant to § 302.505, RSMo 1986. She filed a petition for trial de novo in the circuit court. The summons indicated the case was assigned to Division 37 of the St. Louis County Circuit Court. Director filed a timely answer and simultaneously requested a change of judge from Judge Quillin who presides in Division 37. On the day the application for change of judge was set to be heard, Judge Quillin denied the application as being "untimely filed." He then called the case for trial, and when Director announced "not ready," the court entered judgment for petitioner, reinstating her license.

On appeal, Director contends that the court erred in failing to sustain his application for change of judge. The record is sparse in this case and petitioner has not favored us with a brief. We conclude based on the record before us that the trial court erred in failing to sustain the application. Rule 51.05 provides, in part,

(a) A change of judge shall be ordered in any civil action upon the filing of a written application therefor by any party or by his agent or attorney. The application need not allege or prove any cause for such change of judge and need not be verified.

(b) The application must be filed within thirty days after the answer is due to be filed if the trial judge is designated at the time the answer is due....

Here, Director filed his application on the same day he filed his answer, well within the time limit imposed by Rule 51.05(b); the application was therefore timely filed. Upon the filing of the application, Director was entitled to a change of judge, Rule 51.05(a), and the court, upon presentation of the application, was required promptly to sustain it. Rule 51.05(e). Once the application was filed, the court had no power to take further action in the case. *Natural Bridge Development Co. v. St. Louis County Water Co.*, 563 S.W.2d 522, 526 (Mo.App.1978).

The cause is remanded to the trial court with instructions to set aside the order reinstating petitioner's driver's license and to sustain Director's application for change of judge.

Reversed and remanded.

CRANDALL, P.J., and CRIST, J., concur.

**Pickering SHEARBURN,
Petitioner–Respondent,**

v.

**DIRECTOR OF REVENUE,
Respondent–Appellant.**

**No. 55985.**

Missouri Court of Appeals,
Eastern District,
Division One.

June 20, 1989.

William L. Webster, Atty. Gen., Van M. Pounds, Sp. Asst. Atty. Gen., Jefferson City, for respondent-appellant.

Timothy F. Devereux, Clayton, for petitioner-respondent.

REINHARD, Judge.

Director of Revenue appeals from the trial court's judgment reinstating petitioner's driver's license after trial de novo. We reverse and remand.

The facts in this case, insofar as they affect our resolution of the issue on appeal, are generally the same as in *Walsh v. Director of Revenue*, 772 S.W.2d 865 (Mo. App.1989). The points relied on are identical to those in *Walsh*.

For the reasons stated in *Walsh*, the cause is remanded to the trial court with instructions to set aside the order reinstating petitioner's driver's license and to sustain Director's application for change of judge.

Reversed and remanded.

CRANDALL, P.J., and CRIST, J., concur.

Jeffrey E. SUTTON,
Petitioner–Respondent,

v.

DIRECTOR OF REVENUE,
Respondent–Appellant.

No. 55986.

Missouri Court of Appeals,
Eastern District,
Division One.

June 20, 1989.

William L. Webster, Atty. Gen., Van M. Pounds, Sp. Asst. Atty. Gen., Jefferson City, for respondent-appellant.

Timothy F. Devereux, Clayton, for petitioner-respondent.

REINHARD, Judge.

Director of Revenue appeals from the trial court's judgment reinstating petitioner's driver's license after trial de novo. We reverse and remand.

The facts in this case, insofar as they affect our resolution of the issue on appeal, are generally the same as in *Walsh v. Director of Revenue*, 772 S.W.2d 865 (Mo. App.1989). The points relied on are identical to those in *Walsh*.

For the reasons stated in *Walsh*, the cause is remanded to the trial court with instructions to set aside the order reinstating petitioner's driver's license and to sustain Director's application for change of judge.

Reversed and remanded.

CRANDALL, P.J., and CRIST, J., concur.

Fred F. SULLENTROP,
Petitioner–Respondent,

v.

DIRECTOR OF REVENUE,
Respondent–Appellant.

No. 55993.

Missouri Court of Appeals,
Eastern District,
Division One.

June 20, 1989.

William L. Webster, Atty. Gen., Van M. Pounds, Sp. Asst. Atty. Gen., Jefferson City, for respondent-appellant.